# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF WEST VIRGINIA

## HUNTINGTON DIVISION

ROGER NAPIER and
MARSHA NAPIER,

                        Plaintiffs,

v.                                        CIVIL ACTION NO.   3:17-4397

COLUMBIA GAS TRANSMISSION, LLC,

                        Defendant.

## MEMORANDUM OPINION AND ORDER

On November 22, 2017, Defendant Columbia Gas Transmission, LLC removed this action from the Circuit Court of Wayne County, West Virginia, based upon diversity of citizenship. *See* 28 U.S.C. §§ 1332(a) & 1441(a). In their Complaint, Plaintiffs Roger and Marsha Napier allege that Defendant built a pipeline above their property and residence which has caused "land slides, surface slippage and adverse water flow[.]" *Compl.* at ¶4, ECF No. 1-1. As a result, Plaintiff assert they have suffered property damage and health problems. Included amongst their claim for relief, Plaintiffs seek reasonable attorney's fees. Defendant moves to dismiss this request under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff did not file a Response.

In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the United States Supreme Court disavowed the "no set of facts" language found in *Conley v. Gibson*, 355 U.S. 41 (1957), which was long used to evaluate complaints subject to 12(b)(6) motions. 550 U.S. at 563. In its place, courts must now look for "plausibility" in the complaint. This standard requires a plaintiff to set forth the "grounds" for an "entitle[ment] to relief" that is more than mere "labels and

conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555 (internal quotation marks and citations omitted). Accepting the factual allegations in the complaint as true (even when doubtful), the allegations "must be enough to raise a right to relief above the speculative level . . . ." *Id*. (citations omitted). If the allegations in the complaint, assuming their truth, do "not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id*. at 558 (internal quotation marks and citations omitted). In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court reiterated that Rule 8 does not demand "detailed factual allegations[.]" 556 U.S. at 678 (internal quotation marks and citations omitted). However, a mere "unadorned, the-defendant-unlawfully-harmed-me accusation" is insufficient. *Id*. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570).

It is well established that West Virginia follows the "American Rule" with respect to attorney's fees. In other words, "[a]s a general rule each litigant bears his or her own attorney's fees absent a contrary rule of court or express statutory or contractual authority for reimbursement." Syl. Pt. 2, *Sally-Mike Props. v. Yokum*, 365 S.E.2d at 246 (W. Va. 1986). An exception to this rule exists "when the losing party has acted in bad faith, vexatiously, wantonly or for oppressive reasons." *Id.* at Syl. Pt. 3. In this case, Plaintiff has not cited any statutory or contractual entitlement to fees, and they have premised their causes of action on negligence and nuisance. As there also are no allegations in the Complaint that Defendant "has acted in bad faith, vexatiously, wantonly or for oppressive reasons[,]" Defendant argues Plaintiffs have failed to allege a plausible claim they are entitled to attorney's fees. Upon review of the Complaint, the

Court agrees with Defendant and **GRANTS** Defendant's Motion for Partial Dismissal with respect to attorney's fees. ECF No. 4. However, as this case is early in the discovery process, the Court **DISMISSES** Plaintiffs' claim for attorney's fees **WITHOUT PREJUDICE**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: May 3, 2018

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE