# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF WEST VIRGINIA

## HUNTINGTON DIVISION

ROGER NAPIER and
MARSHA NAPIER,

        Plaintiffs,

v.                                CIVIL ACTION NO. 3:17-4397

COLUMBIA GAS TRANSMISSION, LLC,

        Defendant.

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Columbia Gas Transmission, LLC's Motion for Summary Judgment. ECF No. 78. The Court heard argument on the motion at the hearing held on April 8, 2019. With respect only to the statute of limitations issue raised by Defendant as to the negligence and nuisance claims made by Plaintiffs Roger and Marsha Napier, the Court **DENIES** the motion. The Court **HOLDS IN ABEYANCE** the remainder of the motion.

Plaintiffs are the owners of certain real property located in Kenova, Wayne County, West Virginia. Between 1996 and 2003, Defendant constructed two pipelines above Plaintiffs' property. In their Complaint, Plaintiffs allege that, since the construction, "there has been continuous and ongoing land slides, surface slippage and adverse water flow" that has damaged their property. *Compl*. at ¶4, ECF No. 1-1. Plaintiffs assert that these problems did not occur prior to the construction. *Id*. In their Complaint, Plaintiffs claim, *inter alia*, that Defendant is negligent

by failing to remedy and remediate these problems and its actions have created a nuisance[1] for which they are entitled to damages. *Id*. at ¶9.

In its Motion for Summary Judgment, Defendant argues that Plaintiffs' claims are barred by the two-year statute of limitations found in West Virginia Code § 55-2-12,[2] as it is undeniable that Plaintiffs were aware of the alleged damages in the early 2000s. In fact, Defendant points out that, years before this action was filed, Mrs. Napier made several complaints about slips and ground movement, and she attributed those issues to the installation of the pipelines. Nevertheless, Plaintiffs did not file this action until October 16, 2017, long after Defendant contends the statute of limitations ran.

In support of its argument, Defendant relies upon *Roberts v. West Virginia American Water, Co.*, 655 S.E.2d 119 (W. Va. 2007). In *Roberts*, a waterline was installed near a road on the plaintiff's property in 1999. The plaintiff claimed that, during construction, a concrete trough at the bottom of his driveway was broken and the toe of the hillside was significantly disturbed. 655 S.E.2d at 122. Within weeks of the completion of the installation, the plaintiff said he began noticing slips. *Id*. Approximately two years later, the plaintiff said there was a major slip

---

[1]West Virginia defines a "private nuisance" as "a substantial and unreasonable interference with the private use and enjoyment of another's land." Syl. Pt. 3, *Burch v. Nedpower Mount Storm, LLC.*, 647 S.E.2d 879 (W. Va. 2007).

[2]West Virginia Code § 55-2-12 provides, in part: "Every personal action for which no limitation is otherwise prescribed shall be brought: (a) Within two years next after the right to bring the same shall have accrued, if it be for damage to property; [and] (b) within two years next after the right to bring the same shall have accrued if it be for damages for personal injuries[.]" W. Va. Code § 55-2-12, in part.

so he contacted the defendants to inspect and repair his property. The slips continued to expand over the course of the next two years. Ultimately, the plaintiff filed suit in 2004, and the defendants moved for summary judgment arguing, inter alia, that the statute of limitations had expired. *Id*. at 123.

In determining when the statute of limitations began to run, the West Virginia Supreme Court emphasized that "the distinguishing aspect of a continuing tort with respect to negligence actions is continuing tortious conduct, that is, a continuing violation of a duty owed the person alleging injury, rather than continuing damages emanating from a discrete tortious act." Syl. Pt. 4, *id*. The court continued by stating that "[i]t is the continuing misconduct which serves to toll the statute of limitations under the continuing tort doctrine." *Id*. at 124. However, in the case before it, the plaintiff claimed the damages arose from a "single, discrete act of constructing and installing the waterline and not for any continuing malfunction of the installation or further misconduct of [the defendants]." *Id*. Therefore, as the waterline was completed in 1999, the court found the lower court did not err by finding the complaint was untimely filed in 2004. *Id*. at 125.

In comparing the allegations of *Roberts* to the allegations in the present case, however, the Court finds *Roberts* is distinguishable. Initially, the Court finds that Plaintiffs in this case have alleged continuous negligent conduct by Defendant by virtue of its failure to repair and remediate problems with the pipelines. *Compl.* at ¶¶ 6-7. As a result of Defendant's alleged breach of its duty to take such necessary actions, Plaintiffs allege they have suffered both personal and property damages. *Id*. at ¶¶8-10. Thus, unlike *Roberts* which stemmed from a single, discrete act, Plaintiffs here claim a continuous violation of a duty owed to them. *See* Syl. Pt. 4, *Roberts*.

Therefore, as stated by the West Virginia Supreme Court, "'[w]here a tort involves a continuing or repeated injury, the cause of action accrues at and the statute of limitations begins to run from the date of the last injury or when the tortious overt acts or omissions cease.'" Syl. Pt. 3, *id.* (quoting Syl. Pt. 11, *Graham v. Beverage*, 566 S.E.2d 603 (W. Va. 2002)). As Plaintiffs allege Defendant's tortious acts have not ceased and they continue to be damaged, the Court finds the statute of limitations has not expired on Plaintiffs' negligence claims.

Additionally, *Roberts* did not address a claim for nuisance as exists in this case.[3] To determine when the statute of limitations on a claim of nuisance runs, the Court first must determine whether the nuisance is temporary or permanent. *See Taylor v. Culloden PSD*, 591 S.E.2d 197, 203 (W. Va. 2003) (stating whether damages for a nuisance is temporary or permanent "is critical for purposes of applying the statute of limitations"). Characterizing the nature of a nuisance as a permanent or temporary, however, can be difficult at times.

Recognizing this difficulty, the West Virginia Supreme Court in *Taylor* explained that a permanent nuisance is "one in which a single cause of action is required and damages are measured by the permanent diminution in the land's value." *Id.* at 205 (citation omitted). On the other hand, the Court stated that, "[w]here the acts which constitute a nuisance are continuing in the sense that distinct instances of injury result from the nuisance, as opposed to a singular injury, and the acts of nuisance are capable of being abated or discontinued, the temporary nuisance continues until such time as those acts are abated or discontinued." Syl. Pt. 5, *id.* Therefore, as to

---

[3]The claim in *Roberts* was for property damages caused by the "negligent, defective and improper installation of the water lines[.]" *Id.* at 123.

temporary nuisances, the court held that the two-year statute of limitations found in West Virginia Code § 55-2-12(a) begins to run from "the date of the last injurious act or when the acts constituting the nuisance have been abated or discontinued." Syl. Pt. 6, *id*.

Applying these principles, the Court noted the defendants in *Taylor* operated a wastewater treatment plant that continuously dumped untreated sewage into a creek that bisected the plaintiffs' property. *Id*. at 200. As relief, the plaintiffs sought more than diminution in their property value; they also "sought damages for annoyance; discomfort; loss of use and enjoyment of part of their property; and mental distress or aggravation associated with the period presence of effluents running on, over, or near their property." *Id*. at 203 (footnote omitted). Additionally, the Court found the periodic dumping of waste into the creek was distinct instances of injury that was capable of being abated or discontinued. *Id*. 205. Therefore, under these circumstances, the Court determined the nuisance was temporary, and the plaintiffs had filed their action within the statute of limitations because the dumping was ongoing. *Id*.; *see also* Syl. Pt. 11, *Graham*;[4] *Myers v. Root*, No. 13-0757, 2014 WL 1672943, *2 (W. Va. Apr. 25, 2014) (holding a gate installed in 2004 over an access road was a continuing nuisance and, therefore, a claim brought in 2010 was not barred by the statute of limitations).

This Court finds the present action is more closely analogous to *Taylor* than to *Roberts*. In their Response to Defendant's motion, Plaintiffs argue that, irrespective of when the damage was first manifested, their nuisance claim is not barred by the statute of limitations because

---

[4]The West Virginia Supreme Court in *Taylor* expressly rejected the argument that Syllabus Point 11 of *Graham* did not apply to nuisance claims. *Taylor*, 591 S.E.2d at 205.

they have experienced distinct instances of injury from the continual and repetitious flow of water onto their property and the other damage caused by soil movement. Setting aside for purposes of this Memorandum Opinion and Order Defendant's challenge to the sufficiency and admissibility of Plaintiffs' evidence of increased water flow and causation, the Court agrees with Plaintiffs that the periodic and continuous nature of the water alleged to be intruding upon their property creates distinct instances of injury. Additionally, Plaintiffs made claims in their Complaint beyond diminution of the value of their property. As in *Taylor*, Plaintiffs here also seek damages for, *inter alia*, annoyance, inconvenience, and loss of use. *Compl*. at ¶5. Furthermore, Plaintiffs assert there was work done on the pipelines after the initial construction. Specifically, Plaintiffs claim that in 2015 Defendant conducted some repair work and built a riprap retaining wall on some nearby property. Plaintiffs assert that, thereafter, they noticed increased water runoff, ground movement, and flooding on their property. They further state there is evidence that the once flat area of their backyard now is heaved up and bumpy.

Given the totality of these allegations, the Court finds that Plaintiffs have alleged an ongoing temporary nuisance. As such, Plaintiffs' nuisance claim was not untimely filed despite the fact the original construction of the pipelines was completed in 2003 and this action was not filed until 2017. Nevertheless, the Court finds that Plaintiffs damages for nuisance and negligence are limited to the two-year period in time prior to this action being filed. *See Taylor*, 591 S.E.2d at 205, n.21 (stating that the plaintiffs' damages for "temporary nuisance are limited to the two-year period in time prior to the filing of their cause of action" (citation omitted)).

Accordingly, for the foregoing reasons, the Court **FINDS** Plaintiffs' nuisance and negligence are not barred by the statute of limitations and **DENIES** Defendant's Motion for Summary Judgment in that regard. The remainder of the motion is **HELD IN ABEYANCE**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: April 19, 2019

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE